1   STEVEN E. SCHON (No. 73582)
    Email: sschon@howardrice.com
2   ETHAN P. SCHULMAN (No. 112466)
    Email: eschulman@howardrice.com
3   LONG X. DO (No. 211439)
    Email: ldo@howardrice.com
4   HOWARD RICE NEMEROVSKI CANADY
        FALK & RABKIN
5   A Professional Corporation
    Three Embarcadero Center, 7th Floor
6   San Francisco, California  94111-4024
    Telephone:    415/434-1600
7   Facsimile:    415/217-5910

8   Attorneys for Defendants
    HELLER EHRMAN LLP and
9   MICHAEL J. SHEPARD

10              UNITED STATES DISTRICT COURT

11             NORTHERN DISTRICT OF CALIFORNIA

12                 SAN FRANCISCO DIVISION

13

14  OLIVER HILSENRATH,                      No. C 07-3586 EDL

15              Plaintiff,                  NOTICE OF MOTION AND MOTION
                                            BY DEFENDANTS TO DISMISS
16      v.                                  COMPLAINT; SUPPORTING
                                            MEMORANDUM OF POINTS AND
17  MICHAEL SHEPARD, HELLER EHRMAN          AUTHORITIES
    LLP, and DOES 1-5,
18                                          Date:        September 18, 2007
                Defendants.                 Time:        2:00 p.m.
19                                          Place:       Courtroom E, 15th Floor
                                            Judge:       Hon. Elizabeth D. Laporte
20
                                            Trial Date:  None Set
21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

**Page**

NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT                    1

INTRODUCTION AND SUMMARY OF ARGUMENT                               1

ISSUES PRESENTED                                                   3

MEMORANDUM OF POINTS AND AUTHORITIES                               3

STATEMENT OF FACTS                                                 3

       A.   Plaintiff's Jurisdictional Allegations.                   3

       B.   Plaintiff's Jurisdictional Allegations In Other Pending Actions.                    4

       C.   Plaintiff's Factual Allegations.                         5

       D.   Plaintiff's Claims For Relief.                           6

ARGUMENT                                                           8

  I.   THIS COURT LACKS SUBJECT MATTER JURISDICTION OVER THE COMPLAINT.                            8

     A.   On The Face Of The Complaint, There Is No Diversity Of Citizenship.                      8

     B.   Plaintiff's "Federal" Claims Are Insubstantial.          11

  II.  IN THE ALTERNATIVE, THE COURT SHOULD DISMISS PLAINTIFF'S "FEDERAL" CLAIMS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.                    15

CONCLUSION                                                        17

HOWARD
RICE
NEMEROVSKI
CANADY
FALK
& RABKIN
*A Professional Corporation*

1

**TABLE OF AUTHORITIES**

2

**Page(s)**

3

**Cases**

*Bell Atl. Corp. v. Twombly*, No. 05-1126, 167 L. Ed. 2d 929, 2007 U.S. LEXIS 5901 (May 21, 2007) .......................................................................... 16

*Berg v. Leason*, 32 F.3d 422 (9th Cir. 1994) .......................................... 12, 13

*Brady v. Brown*, 51 F.3d 810 (9th Cir. 1995) ................................................ 9

*Branch v. Tunnell*, 14 F.3d 449 (9th Cir. 1994) ............................................ 6

*Briley v. California*, 564 F.2d 849 (9th Cir. 1977) ...................................... 16

*Cook v. Peter Kiewit Sons Co.*, 775 F.2d 1030 (9th Cir. 1985) ................ 11, 15

*Coury v. Prot*, 85 F.3d 244 (5th Cir. 1996) ............................................... 8, 10

*Custer v. Sweeney*, 89 F.3d 1156 (4th Cir. 1996) ........................................ 13

*Diaz v. Sheppard*, 85 F.3d 1502 (11th Cir. 1996) ...................................... 13

*Falken Indus. v. Johansen*, 360 F. Supp. 2d 208 (D. Mass. 2005) ............. 10

*Fat T, Inc. v. Aloha Tower Assocs. Piers 7, 8 and 9*, 172 F.R.D. 411 (D. Haw. 1996) ................................................................................................ 11

*Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1 (1983) ... 12

*Franklin v. Oregon State Welfare Div.*, 662 F.2d 1337 (9th Cir. 1981) ...... 15

*Galbraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002) ............. 6

*Garter-Bare Co. v. Munsingwear, Inc.*, 650 F.2d 975 (9th Cir. 1980) ......... 11

*Higbee v. Malleris*, 470 F. Supp. 2d 845 (N.D. Ill. 2007) ........................... 13

*Kamel v. Hill-Rom Co.*, 108 F.3d 799 (7th Cir. 1997) ................................... 9

*Lippitt v. Raymond James Fin. Servs.*, 340 F.3d 1033 (9th Cir. 2003) ........ 12

*Merrell Dow v. Pharmaceuticals, Inc.*, 478 U.S. 804 (1986) ....................... 12

*Morongo Bank of Mission Indians v. California State Bd. of Equalization*, 858 F.2d 1376 (9th Cir. 1988) ................................................................ 15

*Mutuelles Unies v. Kroll & Linstrom,* 957 F.2d 707 (9th Cir. 1992) ........... 10

*Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826 (1989) ................. 9, 15

*NL Industries, Inc. v. Kaplan*, 792 F.2d 896 (9th Cir. 1986) ........................ 3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

HOWARD
RICE
NEMEROVSKI
CANADY
FALK
& RABKIN
*A Professional Corporation*

# TABLE OF AUTHORITIES

**Page(s)**

*Price v. Hawaii*, 939 F.2d 702 (9th Cir. 1991)                                     16

*Richmond v. Smith*, 127 F.R.D. 178 (D. Nev. 1989)                                 11

*Safe Air v. Meyer*, 373 F.3d 1035 (9th Cir. 2004)                                  3

*Sheridan v. New Vista, L.L.C.*, 406 F. Supp. 2d 789 (W.D. Mich. 2005)             13

*Simmons v. Superior Court*, 318 F.3d 1156 (9th Cir. 2003)                         15

*Sinclair v. Spatocco*, 452 F.2d 1213 (9th Cir. 1971)                              15

*Thompson v. McCombe*, 99 F.3d 352 (9th Cir. 1996)                                  8

*Tosco Corp. v. Communities for a Better Env't*, 236 F.3d 495 (9th Cir. 2001)       4

*United States v. Wilson*, 631 F.2d 118 (9th Cir. 1980)                             6

*W. Coast Theater Corp. v. City of Portland*, 897 F.2d 1519 (9th Cir. 1990)        16

*Yokeno v. Mafnas*, 973 F.2d 803 (9th Cir. 1992)                                   11

## Statutes

28 U.S.C.
    §1331                                                                      4, 12
    §1332                                                                       4, 8
    §1332(a)(1)                                                                    9
    §1332(a)(2)                                                                 9, 10
    §1332(a)(3)                                                                   10
    §1441(e)                                                                      12
    §1653                                                                        15

42 U.S.C.
    §1983                                                                        16
    §1985                                                                        13

Fed. R. Civ. P.
    12(b)(1)                                                                    1, 3
    12(b)(6)                                                                    1, 3

## Other Authorities

1 J. Moore, *Moore's Federal Practice* §0.74[4] (1996)                             8

HOWARD
RICE
NEMEROVSKI
CANADY
FALK
& RABKIN
*A Professional Corporation*

1

**TABLE OF AUTHORITIES**

2

**Page(s)**

3  W. Schwarzer, *California Practice Guide: Federal Civil Procedure Before*
      *Trial* (TRG 2007)

4          ¶2:240                                                                    8, 9
          ¶2:260                                                                       9

5          ¶2:260:1                                                                   10

6

7

8

9

10

11

12



13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT

PLEASE TAKE NOTICE that on September 18, 2007, at 2:00 p.m., in Courtroom E of the United States District Court for the Northern District of California, located at 450 Golden Gate Avenue, 15th Floor, San Francisco, California 94102, Defendants Heller Ehrman LLP and Michael J. Shepard will move to dismiss the Complaint for Malpractice, Negligence, Breach of "The Duty of Care," Aiding and Abetting Breach of Civil Rights Granted by the 4th, 5th and the 6th Amendment of the Constitution ("Complaint").

The motion to dismiss the Complaint will be brought pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure on the ground that this Court lacks subject matter jurisdiction over the Complaint. There is no diversity of citizenship on the face of the Complaint. Plaintiff Oliver Hilsenrath alleges in the Complaint that he is a dual citizen of Israel and the United States and is a permanent resident of Israel. A United States citizen domiciled abroad (including a dual citizen of another country) cannot sue in federal court on the basis of diversity jurisdiction. In addition, Plaintiff's claims that Defendants "aided and abetted" certain alleged constitutional violations by the Government sound in professional negligence and do not allege claims arising under federal law and are insufficient to invoke the Court's federal question jurisdiction.

In the alternative, the motion will be brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on the grounds that the Complaint fails to state a claim upon which relief can be granted. The two causes of action of the Complaint that allege that Defendants "aided and abetted" the Government's alleged constitutional violations do not allege that Defendants acted under color of state law or allege any other facts that could constitute an actionable claim arising under federal law. Accordingly, the Complaint should be dismissed without leave to amend.

### INTRODUCTION AND SUMMARY OF ARGUMENT

Plaintiff Oliver Hilsenrath recently pled guilty in this Court to one count of securities

1   fraud and one count of income tax evasion.  As a condition of his plea agreement, Hilsenrath

2   agreed to pay over $2 million in taxes, criminal penalties and restitution.  Acting *in pro per*,

3   he now brings this legal malpractice action against Heller Ehrman LLP and Michael J.

4   Shepard, a shareholder in that law firm (together, "Heller Ehrman").    The gist of

5   Hilsenrath's allegations is that Heller Ehrman was negligent in negotiating an agreement

6   with the Government to enable him to avoid arrest and extradition while returning to the

7   United States to face the criminal charges against him.  Hilsenrath alleges that the agreement

8   should have gone further and precluded the Government from adding additional tax evasion

9   charges, which he claims later allowed the Government to freeze his assets overseas.

10  Hilsenrath seeks to compel Heller Ehrman to pay, as damages, the very taxes, restitution and

11  criminal penalties he agreed to pay as a condition of his plea bargain, as well as to reimburse

12  him for the value of his frozen assets, to refund the fees he paid the firm for its

13  representation of him, and to pay other unspecified damages.

14      While Heller Ehrman vigorously denies Hilsenrath's demonstrably false allegations,

15  the Court lacks subject matter jurisdiction, which is a threshold issue the Court and the

16  parties are obliged to address at the outset.  On the face of the Complaint, the Court lacks

17  diversity jurisdiction.  Hilsenrath alleges that he is a dual citizen of Israel and the United

18  States permanently domiciled abroad.    Under black letter law, however, a U.S. citizen

19  (including a dual citizen) who is not domiciled in the United States cannot sue in federal

20  court on the basis of diversity of citizenship.  *See* Part I(A), *infra*.  Nor does the Complaint

21  allege any substantial claim arising under federal law sufficient to give rise to federal

22  question jurisdiction.  To the contrary, Hilsenrath himself alleges that the entire Complaint

23  sounds in professional negligence under state law, and therefore does not arise under federal

24  law.  *See* Part I(B), *infra*.  In the alternative, even if the Court concludes that the two

25  purported claims in the Complaint for "aiding and abetting" alleged violations of

26  Hilsenrath's constitutional rights are sufficient to give rise to federal question jurisdiction,

27  those claims fail to state a claim upon which relief can be granted, and should be dismissed.

28  It is well established that services performed by an attorney do not constitute action under

HOWARD
RICE
NEMEROVSKI
CANADY
FALK
& RABKIN
*A Professional Corporation*

color of state law, and therefore cannot give rise to any claim for violation of federal law. *See* Part II, *infra*. The Complaint therefore should be dismissed without leave to amend.[1]

### ISSUES PRESENTED

1.    Whether the Court has subject matter jurisdiction over the Complaint on grounds of either diversity of citizenship or federal question jurisdiction:

    a.    Where Plaintiff is a U.S. citizen with dual citizenship domiciled abroad and Defendants are California residents;

    b.    Where the Complaint sounds in professional negligence and does not plead any substantial issue arising under federal law.

2.    In the alternative, whether the two causes of action that allege that Defendants, by their alleged breach of the duty of care, "aided and abetted" the Government's purported violation of Plaintiff's constitutional rights, state a claim upon which relief can be granted.

### MEMORANDUM OF POINTS AND AUTHORITIES

### STATEMENT OF FACTS

**A.    Plaintiff's Jurisdictional Allegations.**[2]

Plaintiff alleges in the Complaint ("Compl.") that he is a dual citizen of Israel and the United States and is a permanent resident of Israel:

> Plaintiff Oliver Hilsenrath and Third Party Plaintiff Hana Hilsenrath are Israeli and United States citizens and residents of Tel Aviv, Israel.  (Compl. ¶21)

---

[1]Hilsenrath's engagement agreement with Heller Ehrman contains a binding arbitration clause.  Nothing in this motion is intended as a waiver of Heller Ehrman's rights to invoke that clause and compel Hilsenrath to arbitrate this dispute, and Heller Ehrman expressly reserves such rights.

[2]Both Heller Ehrman's facial attack on the sufficiency of the jurisdictional allegations in the Complaint and its alternative motion to dismiss for failure to state a claim assume the truth of the material allegations of the Complaint.  *See Safe Air v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004) (Rule 12(b)(1) facial jurisdictional attack challenges the sufficiency of the jurisdictional allegations in the complaint); *NL Industries, Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986) (same for Rule 12(b)(6) motion to dismiss).

HOWARD
RICE
NEMEROVSKI
CANADY
FALK
& RABKIN
*A Professional Corporation*

*See also id.* ¶4 (alleging that Plaintiff and his family, "Israeli and US citizens, lived at the time [of his indictment] in Tel Aviv, Israel"); *id.* ¶15 (alleging that Plaintiff and his wife retained Heller Ehrman "from their home in Tel-Aviv, Israel, as citizens and residents of the State of Israel"); *id.* ¶34 (alleging that at time of indictment, Hilsenrath was an Israeli citizen and a resident of Tel Aviv). He alleges that he is only "temporar[ily] resid[ing] in the State of California for the purpose of defending legal actions brought by the US government." *Id.* ¶21; *see also id.* ¶15 n.1 ("The Hilsenraths are also US citizens and presently reside in California for the *sole purpose* of defending the US government's actions" (emphasis added)).[3]

The Complaint is brought against Shepard and Heller Ehrman, who Plaintiff alleges are "an individual and a corporation operating in San Francisco, California." *Id.* ¶16. Plaintiff also names as defendants "Does 1-5," alleging they are "other persons related to the defendants that might be identified in the future." *Id.*. ¶29. Plaintiff alleges this Court has jurisdiction on the basis of both diversity of citizenship (28 U.S.C. §1331) and federal question jurisdiction (28 U.S.C. §1332). *Id.* ¶17.

## B.    Plaintiff's Jurisdictional Allegations In Other Pending Actions.

Plaintiff recently has filed, *in pro per*, at least three other civil actions in this Court, in which he makes inconsistent allegations regarding his place of residence.[4] In each case, Hilsenrath appears to have made those allegations in order to create a basis for diversity jurisdiction. Regardless of which of those contradictory allegations is true, however, this Court lacks jurisdiction.

---

[3]Both the caption of the Complaint and the attached summons reflect that Hilsenrath currently resides in Danville, California.

[4]Plaintiff's allegations in those actions are a proper subject for judicial notice, as a court may consider a plaintiff's allegations in other cases in determining his citizenship. *Tosco Corp. v. Communities for a Better Env't*, 236 F.3d 495, 502 (9th Cir. 2001) ("Plaintiff ultimately undermines its own argument that its principal place of business is not in California because Plaintiff claimed that California was its principal place of business to successfully establish diversity jurisdiction in a 1995 case").

HOWARD
RICE
NEMEROVSKI
CANADY
FALK
& RABKIN
*A Professional Corporation*

1    Most recently, in an action entitled *Hilsenrath v. Nixon Peabody LLP, et al.*, No. C07-

2    3193-CW (in which the defendants are alleged to be California residents), the Court issued

3    an order to show cause why the case should not be dismissed for lack of jurisdiction.  In

4    response, on July 18, 2007, Plaintiff asserted that diversity jurisdiction exists because he and

5    his wife "are citizens and residents of the state of Israel and their permanent residence is in

6    Tel-Aviv."  Hana and Oliver Hilsenrath's Response re Order to Show Cause: Jurisdiction

7    (Request for Judicial Notice ("RJN"), Ex. A) ¶3; *id.* ¶4 (referring to plaintiffs' "permanent

8    home in Israel").  Plaintiff specifically represents in that document that he and his wife "are

9    planning to return to their home in Israel in the near future."  *Id.* ¶6.

10    In contrast, in two other recently-filed cases in which the defendants are alleged to

11    reside outside California, Plaintiff alleges that he and his wife are residents of the State of

12    California and specifically of the Northern District of California.  Thus, in *Hilsenrath v. The*

13    *Swiss Confederation, et al.*, No. C07-02782-WHA (filed May 29, 2007), Plaintiff alleges

14    that he and his wife are "residents of the state of California."  Complaint (RJN, Ex. B) ¶1;

15    *see also id.* ¶¶16, 28 (same).  Similarly, in *Hilsenrath v. Equity Trust (Jersey) Limited, et al.*,

16    No. C07-3312 CW (filed June 25, 2007), Plaintiff alleges that he and his wife are "residents

17    of the northern district of California."  Complaint (RJN, Ex. C) ¶25.

18

19    **C.    Plaintiff's Factual Allegations.**

20    Hilsenrath alleges that in 2003, he was indicted by the federal government and charged

21    with "tens of counts of embezzlement from his former employer US Wireless Corporation."

22    Compl. ¶3.  He alleges that following issuance of the indictment, he retained Heller Ehrman

23    "to negotiate an agreement with the US government to enable him to return to the US and

24    defend the charges."  *Id.* ¶5.[5]  Such an agreement was reached in December 2004, following

25

26    ───────────────

    [5]As Plaintiff acknowledges in his Complaint, his wife never had any involvement in his
27    businesses.  Compl. ¶23.  Neither she nor the Hilsenraths' children (*id.* ¶¶24-25), whom
    Plaintiff purports to name as "Third Party Plaintiffs," were clients of Heller Ehrman, and
28    they therefore are not proper plaintiffs in this legal malpractice action.

HOWARD
RICE
NEMEROVSKI
CANADY
FALK
& RABKIN
*A Professional Corporation*

which Hilsenrath traveled to the United States with his family to defend the charges. *Id.* ¶6. Upon his return, however, the Government "changed the crux of the case to alleged tax evasion." *Id.* ¶7. Hilsenrath alleges that these new tax charges were unrelated to the securities fraud allegations contained in the original indictment. *Id.* ¶14. He further alleges that although such new charges were to have been prevented by the agreement Heller Ehrman had negotiated (*id.* ¶8), the "sloppy wording" of that agreement permitted the Government to "refocus on a new alleged tax case" against him and freeze his assets. *Id.* ¶¶9-11. He acknowledges that the criminal case against him "was recently concluded in a settlement that requires $2 million in alleged civil taxes and penalties payments [sic] to the US government." *Id.* ¶13.[6]

### D.    Plaintiff's Claims For Relief.

Based on these allegations, Hilsenrath seeks to state seven causes of action against Heller Ehrman. As Hilsenrath himself acknowledges, all of those claims sound in professional negligence.

Thus, in allegations entitled "The Duty of Care" that are incorporated by reference into all of his claims, Hilsenrath alleges that Defendants "failed in their 'duty of care'" to ensure that the return agreement with the Government was "legally sufficient" (*id.* ¶30); that the Complaint "asserts 'Professional Negligence' based on defendants' 'fiduciary duty to represent plaintiff competently and diligently'" (*id.* ¶31); that Hilsenrath has "valid causes of

---

[6]By the accompanying Request for Judicial Notice, Heller Ehrman seeks judicial notice of Hilsenrath's Plea Agreement and of the Court's July 9, 2007 Judgment approving Hilsenrath's guilty plea and imposing sentence. The existence of court records is a proper subject of judicial notice. *See United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980). In addition, documents whose contents are referenced in a complaint and whose authenticity no party questions are a proper subject of judicial notice. *See, e.g., Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), *overruled on other grounds, Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1123-24 (9th Cir. 2002).

The Court's Judgment explains Hilsenrath's current presence in this District: as a condition of probation, he was required to participate in the Home Confinement with Electronic Monitoring Program for a period of 12 months. Thus, it appears that he must remain in this District under home confinement until July 2008. RJN Ex. E.

HOWARD
RICE
NEMEROVSKI
CANADY
FALK
& RABKIN
*A Professional Corporation*

1    action for legal malpractice against defendants" (*id.* ¶32); and that the elements of such

2    causes of action (breach, proximate cause, and actual damage) are met. *Id.* ¶33.

3        The first three of the claims in the Complaint allege that Defendants "provided sloppy

4    and unprofessional legal service and breached their duty of care to the plaintiff while causing

5    catastrophic damage." *Id.* ¶¶66, 68, 70. Thus, the First Cause of Action, entitled "Refund of

6    legal fees," seeks to compel Heller to refund the fees Hilsenrath paid it for its representation,

7    in the alleged amount of $200,000 (*id.* ¶¶66-67); the Second Cause of Action, "Constructive

8    trust re refund of legal fees," purports to seek a constructive trust on all legal fees he paid to

9    Heller Ehrman between 2003 and 2005 (*id.* ¶¶68-69); and the Third Cause of Action,

10   "Refund of payments to the United States," seeks to require Heller Ehrman to "refund" the

11   $2 million in taxes and criminal penalties that Hilsenrath agreed to pay as a condition of his

12   plea agreement. *Id.* ¶¶70-73.[7]

13       The remaining claims for relief similarly allege that Heller Ehrman was negligent, and

14   seek to hold it responsible in damages for the Government's conduct in freezing Hilsenrath's

15   assets and for his criminal prosecution. Thus, the Fourth Cause of Action, entitled "Refund

16   of 'tax'-related frozen assets," alleges that "[b]y their breach of the duty of care," Heller

17   Ehrman "aided and abetted" the Government's "improper international freeze of assets,"

18   causing Hilsenrath to lose assets with an alleged value of "at least $7.3 million." *Id.* ¶¶74-

19   77. The Fifth Cause of Action, "Constructive trust re 'tax'-related frozen assets," purports to

20   seek a constructive trust on all assets frozen by the Government. *Id.* ¶¶78-79. The Sixth

21   Cause of Action, "Recovery of damages as the result of breach of due process in violation of

22   the 6th amendment," alleges that as a result of the Government's freeze of his assets,

23

24       [7]Although Hilsenrath now claims that he was subject to "bogus fraud allegations"
     (Compl. ¶53) and that the $2 million was only "allegedly owed to the United States" (*id.*
25   ¶62), he expressly pled guilty to securities fraud and tax evasion; agreed to repatriate all
     remaining money and assets held or frozen by the Swiss authorities, in the approximate
26   amount of $2 million; agreed to withdraw any claim to those assets; and consented to the
     Government's assigning those assets to his tax liability of approximately $1.2 million and
27   disgorgement of salary and assets to be assigned for the benefit of U.S. Wireless, his former
     employer. RJN, Ex. D. Notably, Hilsenrath expressly agreed in that Plea Agreement that he
28   "will file no further actions in the future concerning [those] funds." *Id.* ¶8.

HOWARD
RICE
NEMEROVSKI
CANADY
FALK
& RABKIN
*A Professional Corporation*

1   Hilsenrath was unable to retain counsel to defend the criminal charges against him and to
2   prosecute the instant civil action.  *Id.* ¶¶80-83.  Finally, the Seventh Cause of Action,
3   "Prolonged case for additional two years," alleges that the "shift" in the Government's
4   prosecution (e.g., from securities fraud to tax evasion) was attributable to Heller Ehrman's
5   allegedly "sloppy and unprofessional" representation, and seeks fees and other damages as a
6   result of the Government having allegedly prolonged its case for another two years.  *Id.*
7   ¶¶84-86.

8

9                                    **ARGUMENT**

10                                        **I.**

11              **THIS COURT LACKS SUBJECT MATTER JURISDICTION**
                              **OVER THE COMPLAINT.**
12

13       "A party invoking the federal court's jurisdiction has the burden of proving the actual
14   existence of subject matter jurisdiction."  *Thompson v. McCombe*, 99 F.3d 352, 353 (9th Cir.
15   1996).  Plaintiff cannot meet that burden here, because on the face of the Complaint, the
16   Court lacks subject matter jurisdiction on the basis of either diversity of citizenship or the
17   presence of a substantial federal question.

18

19       **A.    On The Face Of The Complaint, There Is No Diversity Of Citizenship.**

20       Plaintiff's own allegations establish that there is no diversity of citizenship.  That is
21   because "[a]n American national, living abroad, cannot sue or be sued in federal court under
22   diversity jurisdiction, 28 U.S.C. §1332, unless that party is a citizen, i.e. domiciled, in a
23   particular state of the United States."  *Coury v. Prot*, 85 F.3d 244, 248 (5th Cir. 1996) (citing
24   1 J. Moore, *Moore's Federal Practice* §0.74[4] (1996)); *see generally* W. Schwarzer,
25   *California Practice Guide: Federal Civil Procedure Before Trial* ¶2:240 (TRG 2007) (a dual
26   national domiciled abroad "cannot sue or be sued in federal court on the basis of diversity
27   jurisdiction").  As a dual citizen of the United States permanently domiciled abroad,
28   Hilsenrath cannot meet this requirement, and therefore cannot sue in federal court.

HOWARD
RICE
NEMEROVSKI
CANADY
FALK
& RABKIN
*A Professional Corporation*

1    Federal diversity jurisdiction exists between "citizens of different States" or "citizens

2    of a State and citizens or subjects of a foreign state."  28 U.S.C. §1332(a)(1),(2).  "In order

3    to be a citizen of a State within the meaning of the diversity statute, a natural person must

4    both be a citizen of the United States *and* be domiciled within the State."  *Newman-Green,*

5    *Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 828 (1989) (citation omitted).  A U.S. citizen who is

6    domiciled abroad does not qualify.  *Id.* ("The problem in this case is that Bettison, although

7    a United States citizen, has no domicile in any State.  He is therefore 'stateless' for purposes

8    of §1332(a)(3)") (presence of United States citizen domiciled in Venezuela as defendant

9    "destroyed complete diversity"); *see generally California Practice Guide: Federal Civil*

10   *Procedure Before Trial* ¶2:240 ("Thus, a U.S. citizen who lives abroad permanently (not

11   domiciled in the U.S.) is not a 'citizen of a State' for diversity purposes.  Such 'stateless'

12   citizens' cannot sue or be sued in federal court on the basis of diversity jurisdiction"

13   ((citations omitted)).

14   A United States citizen domiciled abroad is not an "alien" or foreign subject for

15   purposes of federal jurisdiction either.  *Newman-Green, Inc.*, 490 U.S. at 828 ("Subsection

16   1332(a)(2), which confers jurisdiction in the District Court when a citizen of a State sues

17   aliens only, also could not be satisfied because Bettison is a United States citizen"); *Kamel v.*

18   *Hill-Rom Co.*, 108 F.3d 799, 805 (7th Cir. 1997) ("for diversity purposes, an expatriate is

19   deemed neither an alien nor a citizen of any State").  The result is that such a person cannot

20   sue or be sued in federal court on the basis of diversity of citizenship.  *See, e.g., Coury*, 85

21   F.3d at 249-50 ("it has been held consistently that a diversity suit may not be maintained

22   under 28 U.S.C. §1332(a)(1) by or against a United States citizen who is domiciled in a

23   foreign country"); *Kamel*, 108 F.3d at 805 (presence of "stateless" party, "an American

24   expatriate who calls Saudi Arabia his domicile," destroyed diversity); *California Practice*

25   *Guide: Federal Civil Procedure Before Trial* ¶2:260.

26   The Ninth Circuit's decision in *Brady v. Brown*, 51 F.3d 810 (9th Cir. 1995), is

27   squarely on point.  There, the plaintiffs were California residents who had invested in

28   Mexican coastal land and the construction of a hotel with the help of defendant Brown, an

HOWARD
RICE
NEMEROVSKI
CANADY
FALK
& RABKIN
*A Professional Corporation*

1  American citizen and Mexican resident licensed to practice law in Mexico. When a dispute

2  arose, plaintiffs sued Brown in federal district court in California. On appeal from a

3  judgment entered after a bench trial, the Ninth Circuit held that the district court lacked

4  diversity jurisdiction over the claims because of Brown's status as a United States citizen

5  residing in Mexico:

6  > "In order to be a citizen of a State within the meaning of the diversity statute, a
   > natural person must be both a citizen of the United States *and* be domiciled

7  > within the State." Because Brown was domiciled in Mexico, he was thus neither
   > a "citizen of a State" nor an alien under 28 U.S.C. §1332(a)(3), which confers

8  > jurisdiction when a citizen of one state sues both aliens and citizens of other
   > states. Nor was he an alien for the purpose of 28 U.S.C. §1332(a)(2), which

9  > confers jurisdiction when a United States citizen sues aliens only. Brown's
   > presence as a defendant thus destroyed the complete diversity required for federal

10 > jurisdiction. (*Id.* at 815 (citations omitted))

11 "The result is the same for persons of dual citizenship domiciled abroad, even if their

12 paramount contacts are with the foreign country (e.g., because they live there, work there,



13 etc.). Such dual nationals are still U.S. citizens, *not* 'aliens' for purposes of alienage

14 jurisdiction." *California Practice Guide: Federal Civil Procedure Before Trial* ¶2:260:1.

15 *See, e.g.*, *Mutuelles Unies v. Kroll & Linstrom,* 957 F.2d 707, 711 (9th Cir. 1992) ("only the

16 American nationality of the dual citizen should be recognized" (citation omitted)); *Coury*, 85

17 F.3d at 247 ("For purposes of diversity jurisdiction, only the American nationality of a dual

18 national is recognized"); *id.* at 250 ("Consequently, diversity jurisdiction may be properly

19 invoked only when a dual citizen's domicile, and thus his citizenship, is in a state diverse

20 from that of adverse parties"); *Falken Indus. v. Johansen*, 360 F. Supp. 2d 208, 210 (D.

21 Mass. 2005) ("stateless" American citizen with dual French citizenship domiciled in France

22 was not amenable to suit in federal court).

23  Here, Plaintiff's own allegations in the Complaint (and in a recent filing in another

24 pending case in this Court) establish that he is a dual national holding both U.S. and Israeli

25 citizenship who is permanently domiciled in the State of Israel. Of course, if Plaintiff were a

26 resident of the State of California, as he alleges in two other actions in this Court, that also

27 would defeat diversity, since he alleges that both Heller Ehrman and Shepard are California

28

residents. Compl. ¶16.[8] It follows, as a matter of law, that Plaintiff may not sue in federal court on the basis of diversity of citizenship, and the Complaint should be dismissed for lack of jurisdiction.[9]

### B.    Plaintiff's "Federal" Claims Are Insubstantial.

Plaintiff's alternative attempt to plead a jurisdictional basis, federal question jurisdiction, is equally unavailing. Federal courts have original jurisdiction of civil actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. §1331. Federal question jurisdiction therefore is lacking where the complaint does not present "a substantial issue of federal law." *Yokeno v. Mafnas*, 973 F.2d 803, 807 (9th Cir. 1992) (citation omitted); *accord Cook v. Peter Kiewit Sons Co.*, 775 F.2d 1030, 1035 (9th Cir. 1985) ("Under the substantiality doctrine, the district court lacks subject matter jurisdiction when the question presented is too insubstantial to consider"). Merely alleging a constitutional violation is insufficient; "our limited jurisdiction cannot be invoked so simplistically." *Yokeno*, 973 F.2d at 807. Where, as here, the purported federal issues raised by the complaint are "patently without merit" (id. at 808 (citation omitted)) or "facially meritless" (*id.*), they cannot give rise to federal subject matter jurisdiction, and must be dismissed. *Id.* at 808-09 (federal issues raised by complaint were "too remote and insubstantial" to support federal subject matter jurisdiction where, *inter alia*, they were

---

[8]By making contradictory allegations in multiple actions to invoke this Court's jurisdiction, Plaintiff has acted in bad faith. *See Cook v. Peter Kiewit Sons Co.*, 775 F.2d 1030, 1036-37 & n.13 (9th Cir. 1985) (district court properly awarded Rule 11 sanctions against pro se litigant for filing litigation in bad faith).

[9]Diversity jurisdiction over the Complaint is lacking for an additional independent reason: Plaintiff's inclusion of Doe defendants defeats diversity. *Garter-Bare Co. v. Munsingwear, Inc.*, 650 F.2d 975, 981 (9th Cir. 1980) (inclusion of Doe defendants "destroys [diversity] jurisdiction"); *Richmond v. Smith*, 127 F.R.D. 178, 179 (D. Nev. 1989) (presence of fictitious defendants defeats diversity); *but see Fat T, Inc. v. Aloha Tower Assocs. Piers 7, 8 and 9*, 172 F.R.D. 411, 414-16 (D. Haw. 1996) (opining that Ninth Circuit law concerning effect of Doe defendants on diversity jurisdiction "appears conflicted" and ruling that Doe defendants should be allowed while deferring the jurisdictional question until actual parties are substituted). However, the Court need not reach this issue in order to decide the instant motion.

HOWARD
RICE
NEMEROVSKI
CANADY
FALK
& RABKIN
*A Professional Corporation*

1    foreclosed by circuit precedent).

2        As a general rule, an action arises under federal law within the meaning of Section

3 1331 only if "federal law creates the cause of action or . . . the plaintiff's right to relief

4 necessarily depends on resolution of a substantial question of federal law." *Franchise Tax*

5 *Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983), *superseded by statute on*

6 *other grounds*, 28 U.S.C. §1441(e). "It is a 'long-settled understanding that the mere

7 presence of a federal issue in a state cause of action does not automatically confer federal-

8 question jurisdiction.'" *Lippitt v. Raymond James Fin. Servs.*, 340 F.3d 1033, 1040 (9th Cir.

9 2003) (quoting *Merrell Dow v. Pharmaceuticals, Inc.*, 478 U.S. 804, 808 (1986)). Instead,

10 to present a federal question, the complaint must "present[] a substantial dispute over the

11 effect of federal law, and the result [must] turn[] on the federal question." *Berg v. Leason*,

12 32 F.3d 422, 423 (9th Cir. 1994) (internal quotations and citations omitted).

13        Here, far from presenting a "substantial" question of federal law, Plaintiff's claims do

14 not "arise under" federal law at all. As Plaintiff himself acknowledges, the Complaint

15 "asserts 'Professional Negligence'" and "causes of action for legal malpractice," not claims

16 arising under federal law. Compl. ¶¶31-32.

17        Professional negligence and similar claims against attorneys do not "arise under"

18 federal law, even if the underlying litigation was brought in federal court and the malpractice

19 claim requires the court to determine some question of federal law. In the leading case in

20 this Circuit, *Berg v. Leason*, 32 F.3d 422 (9th Cir. 1994), the plaintiff had been the object of

21 an action that alleged violations of the federal securities laws and the RICO statute. After

22 that action was resolved in his favor on summary judgment, he filed a malicious prosecution

23 action, and the defendants removed the action to federal court. The Ninth Circuit reversed

24 the trial court's denial of the plaintiff's motion to remand the action to state court, holding

25 that the claim did not arise under federal law "simply because one element requires proof

26 that the underlying federal action was legally untenable." *Id.* at 426. As the court explained,

27          Normally, as Justice Holmes put it, "[a] suit arises under the law that creates
the cause of action." The cause of action for malicious prosecution is of course a

28 creature of state law. State law controls the other elements which must be

HOWARD
RICE
NEMEROVSKI
CANADY
FALK
& RABKIN
*A Professional Corporation*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

HOWARD
RICE
NEMEROVSKI
CANADY
FALK
& RABKIN
A Professional Corporation

proved, as well as what suffices for probable cause. (*Id.* at 425 (citations omitted))

The court concluded that "the task of deciding whether an underlying federal claim was legally tenable does not raise a substantial question of federal law." *Id.*

Numerous other courts have reached precisely the same conclusion, holding that legal malpractice actions do not "arise under" federal law merely because they would require the court to decide an issue of federal law. *See, e.g., Custer v. Sweeney*, 89 F.3d 1156, 1168-69 (4th Cir. 1996) (legal malpractice claim against employee benefit plan's attorneys did not arise under federal law merely because it would require the district court to decide issues under ERISA); *Diaz v. Sheppard*, 85 F.3d 1502, 1505-06 (11th Cir. 1996) (prisoner's legal malpractice case did not arise under federal law; the complaint mentioned the Eighth Amendment "only to support an element of [plaintiff's] state law claim" and "a state court can, if need be, resolve matters of federal constitutional law"); *Higbee v. Malleris*, 470 F. Supp. 2d 845, 851-53 (N.D. Ill. 2007) ("There is, simply put, a plethora of attorney and/or professional malpractice cases concerning underlying federal litigation, in which the cases have been remanded to state court for adjudication or dismissed for lack of federal subject matter jurisdiction") (collecting authority);[10] *Sheridan v. New Vista, L.L.C.*, 406 F. Supp. 2d 789, 794-96 (W.D. Mich. 2005) (professional malpractice action against investment advisors arose under state law; the fact that plaintiffs' claims may present questions of federal tax law is not sufficient to present a substantial federal question).

Here, only two claims of the seven claims in the Complaint (the Fourth and Sixth Causes of Action) make any reference to any provision of federal law. In those claims, Plaintiff attempts to create a federal question by asserting that by engaging in professional negligence, Heller Ehrman "aided and abetted" the Government's purported violations of his constitutional rights. The Fourth Cause of Action appears to blame Heller Ehrman for

---

[10]Moreover, "[a] number of federal cases have rejected contentions that claims of attorney malpractice concerning underlying federal criminal prosecutions—where all of the legal questions either are questions of federal constitutional or statutory law—could properly proceed in federal court." *Higbee*, 470 F. Supp. 2d at 852 (collecting authority).

1    causing the Government's freeze of Hilsenrath's assets "[b]y their breach of the duty of

2    care." Compl. ¶74. Likewise, the Sixth Cause of Action alleges that as a result of the

3    Government's freeze of his assets, Plaintiff was unable to retain counsel to defend the

4    criminal charges against him and to prosecute the instant civil action. *Id.* ¶¶80-83. Both

5    claims therefore are premised on the central allegation that Heller Ehrman's breach of the

6    duty of care caused Plaintiff damage, which of course is the paradigmatic definition of a

7    claim for legal malpractice. Under the controlling body of authority discussed above, such

8    claims do not arise under federal law.

9        Indeed, Plaintiff does not even allege the basic elements of aiding and abetting liability

10   by alleging that Heller Ehrman knowingly rendered substantial assistance to the Government

11   in its purported violation of those rights. Rather, Hilsenrath alleges only that Heller

12   Ehrman's failure to negotiate a more restrictive agreement "[*c]reated an opportunity*" for the

13   Government to prosecute him on additional charges and, similarly, "[*c]reated the*

14   *opportunity* for the government to internationally freeze Hilsenrath [sic] assets on account of

15   alleged tax charges against the spirit of the agreement." *Id.* ¶65(ii),(iii) (emphasis added);

16   *see also id.* ¶75 (alleging that Plaintiff was deprived of property "due to a government action

17   solely based on defendants [sic] sloppy representation, lack of care and unprofessional

18   handling of the Hilsenrath return agreement"); *id.* ¶78 ("Defendants' conduct enabled the US

19   government to effect a tax-allegations related international freeze of assets"). At most,

20   Plaintiff's claims allege that Heller Ehrman's alleged negligence had the collateral

21   consequence of opening the door to government misconduct, not that Heller Ehrman itself

22   intended or participated in that supposed misconduct. That claim is a state law claim for

23   legal malpractice, not a cognizable claim arising under federal law.

24       In short, because the Court lacks jurisdiction over Plaintiff's claims, the Complaint

25   should be dismissed without leave to amend.[11]

26   _____

27   [11]When it lacks jurisdiction at the outset, a district court lacks power to grant leave to amend: "the district court 'ha[s] no power to do anything, other than to dismiss the action.'" *Morongo Bank of Mission Indians v. California State Board of Equalization*, 858 F.2d 1376,

28                                                                                   (continued . . . )

HOWARD
RICE
NEMEROVSKI
CANADY
FALK
& RABKIN
A Professional Corporation

**II.**

**IN THE ALTERNATIVE, THE COURT SHOULD DISMISS PLAINTIFF'S "FEDERAL" CLAIMS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.**

In the alternative, even if this Court concludes that Hilsenrath has managed to plead claims raising substantial questions arising under federal law, those claims fail to state a claim for relief upon which relief can be granted, and should be dismissed on that ground. *See Cook*, 775 F.2d at 1035 (recognizing that "[a] dismissal based on the substantiality doctrine is, in many respects, similar to a dismissal for failure to state a claim"). As discussed above, Plaintiff alleges in two causes of action that by its alleged breach of the duty of care, Heller Ehrman "aided and abetted" the Government in supposedly depriving Hilsenrath of certain constitutional rights. Compl. ¶¶74, 80. However, neither of these counts states any colorable claim for relief against Heller Ehrman arising under federal law.

Private parties such as Heller Ehrman cannot be held liable for the Government's alleged violation of Plaintiff's constitutional rights. The Ninth Circuit repeatedly has rejected attempts to hold private attorneys liable for alleged violations of federal civil rights on the ground that such attorneys do not act under color of state law:

> Appellant's allegations against his attorney do not amount to violation of his civil rights, giving rise to federal jurisdiction under 42 U.S.C. §1985. Services performed by an attorney in connection with a lawsuit do not constitute action under color of state law. (*Sinclair v. Spatocco*, 452 F.2d 1213 (9th Cir. 1971) (per curiam))

*Accord, Simmons v. Superior Court*, 318 F.3d 1156, 1161 (9th Cir. 2003) (plaintiff could not sue counsel under §1983 "because he is a lawyer in private practice who was not acting under color of state law"); *Franklin v. Oregon, State Welfare Div.*, 662 F.2d 1337, 1345 (9th Cir. 1981) (both retained and appointed counsel are immune from suit under §1983); *Briley v. California*, 564 F.2d 849, 855 (9th Cir. 1977) ("We have repeatedly held that a privately-

---

( . . . continued)
1380 (9th Cir. 1988) (citation omitted); *see also Newman-Green, Inc.*, 490 U.S. at 830-31 (28 U.S.C. §1653, which permits amendment to correct defective allegations of jurisdiction, "does not apply . . . where diversity jurisdiction does not, in fact, exist").

HOWARD
RICE
NEMEROVSKI
CANADY
FALK
& RABKIN
*A Professional Corporation*

1    retained attorney does not act under color of state law for purposes of actions brought under

2    the Civil Rights Act").

3        Here, Plaintiff has not even alleged that Heller Ehrman acted under color of state law.

4    Nor, under the controlling authority discussed above, could he properly do so, since private

5    counsel does not act under color of state law for purposes of federal civil rights claims.

6        In closely analogous cases, the Ninth Circuit has admonished litigants that in light of

7    the rule that "private parties are not generally acting under color of state law," the bare

8    allegation that private attorneys entered into a "conspiracy" with a state official is

9    insufficient to state a claim:  "'conclusionary allegations, unsupported by facts, [will be]

10    rejected as insufficient to state a claim under the Civil Rights Act.'"  *Price v. Hawaii*, 939

11    F.2d 702, 707-08 (9th Cir. 1991) (citation omitted); *see also, e.g., W. Coast Theater Corp. v.

12    City of Portland*, 897 F.2d 1519, 1527 (9th Cir. 1990) ("[Plaintiff] alleged no facts to

13    support the existence of a conspiracy.  It simply makes the bare assertion that there was a

14    conspiracy").[12]  Hilsenrath's unsupported "aiding and abetting" allegations run afoul of the

15    same rule.

16        In short, the Complaint does not state a claim for relief arising under federal law, and

17    should be dismissed on that alternative ground.

18

19

20

21

22

23

24

25

26        [12]The U.S. Supreme Court recently disapproved liberal pleading standards in cases
27    containing conspiracy claims, holding that a plaintiff must allege "enough factual matter
    (taken as true) to suggest that an [illegal] agreement was made."  *Bell Atl. Corp. v. Twombly*,
28    No. 05-1126, 167 L. Ed. 2d 929, 2007 U.S. LEXIS 5901, at *23 (May 21, 2007).

HOWARD
RICE
NEMEROVSKI
CANADY
FALK
& RABKIN
*A Professional Corporation*

1

**CONCLUSION**

2

For the foregoing reasons, the Complaint should be dismissed without leave to amend.

3

4

DATED:  July 31, 2007.

5

Respectfully,

6

STEVEN E. SCHON
ETHAN P. SCHULMAN

7

LONG X. DO
HOWARD RICE NEMEROVSKI CANADY

8

FALK & RABKIN
A Professional Corporation

9

10

By: _____
/s/

ETHAN P. SCHULMAN

11

Attorneys for Defendants HELLER EHRMAN LLP

12

and MICHAEL J. SHEPARD

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28