1  STEVEN E. SCHON (No. 73582)
   Email: sschon@howardrice.com
2  ETHAN P. SCHULMAN (No. 112466)
   Email: eschulman@howardrice.com
3  LONG X. DO (No. 211439)
   Email: ldo@howardrice.com
4  HOWARD RICE NEMEROVSKI CANADY
         FALK & RABKIN
5  A Professional Corporation
   Three Embarcadero Center, 7th Floor
6  San Francisco, California  94111-4024
   Telephone:    415/434-1600
7  Facsimile:    415/217-5910

8  Attorneys for Defendants
   HELLER EHRMAN LLP and MICHAEL J.
9  SHEPARD

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| OLIVER HILSENRATH, | No. C 07-3586 EDL |
|---|---|
| Plaintiff, | [PROPOSED] ORDER GRANTING DEFENDANTS' MOTION TO DISMISS COMPLAINT |
| v. | |
| MICHAEL SHEPARD, HELLER EHRMAN LLP, and DOES 1-5, | Date:     September 18, 2007<br>Time:     2:00 p.m.<br>Place:    Courtroom E, 15th Floor<br>Judge:    Hon. Elizabeth D. Laporte |
| Defendants. | Trial Date:   None Set |

On September 18, 2007, the Court held a hearing in the above-captioned matter on the Motion to Dismiss Complaint ("Motion") of Defendants Michael J. Shepard and Heller Ehrman LLP (collectively, "Heller Ehrman"). Having considered the papers filed and the arguments presented at the hearing, the Court GRANTS Heller Ehrman's Motion for the following reasons.

Heller Ehrman moves to dismiss pursuant to Rule 12(b)(1), or alternatively Rule 12(b)(6), of the Federal Rules of Civil Procedure. Plaintiff Oliver Hilsenrath ("Hilsenrath") alleges this Court has jurisdiction over this case on the basis of both federal question jurisdiction (28 U.S.C. §1331) and diversity jurisdiction (28 U.S.C. §1332). According to his Complaint, Hilsenrath is a dual citizen of Israel and the United States and is a resident of Tel Aviv, Israel. *See* Complaint ¶21.

## I. THE COURT LACKS SUBJECT MATTER JURISDICTION OVER THE COMPLAINT.

### A. There Is No Diversity Of Citizenship.

Federal diversity jurisdiction exists between "citizens of different States" or "citizens of a State and citizens or subjects of a foreign state." 28 U.S.C. §1332(a)(1),(2). Neither basis for diversity jurisdiction exists here. Hilsenrath cannot be considered a foreign citizen on account of his dual citizenship with Israel and the United States. In determining diversity jurisdiction, "only the American nationality of the dual citizen should be recognized." *Mutuelles Unies v. Kroll & Linstrom,* 957 F.2d 707, 711 (9th Cir. 1992) (citation omitted). Furthermore, "[i]n order to be a citizen of a State within the meaning of the diversity statute, a natural person must both be a citizen of the United States *and* be domiciled within the State." *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 828 (1989) (citation omitted) (emphasis in original).

A U.S. citizen such as Hilsenrath who is domiciled abroad is considered "stateless" for purposes of diversity jurisdiction. *See id.* ("The problem in this case is that Bettison, although a United States citizen, has no domicile in any State. He is therefore 'stateless' for purposes of §1332(a)(3)"). Such "stateless" U.S. citizens "cannot sue or be sued in federal

1   court on the basis of diversity jurisdiction." W. Schwarzer, *California Practice Guide: Federal Civil Procedure Before Trial* ¶2:240 (TRG 2007); *see also Brady v. Brown*, 51 F.3d 810, 815 (9th Cir. 1995) (holding diversity jurisdiction could not exist where plaintiff was a U.S. citizen domiciled in Mexico). Jurisdiction under 28 U.S.C. section 1332 accordingly cannot be asserted over the Complaint.

### B. No Basis Exists To Assert Federal Question Jurisdiction.

The Court also cannot exercise federal question jurisdiction over the Complaint. Federal courts have original jurisdiction of civil actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. §1331. An action arises under federal law within the meaning of Section 1331 only if "federal law creates the cause of action or . . . the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983), *superseded by statute on other grounds*, 28 U.S.C. §1441(e).

"It is a 'long-settled understanding that the mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction.'" *Lippitt v. Raymond James Fin. Servs.*, 340 F.3d 1033, 1040 (9th Cir. 2003) (quoting *Merrell Dow v. Pharmaceuticals, Inc.*, 478 U.S. 804, 808 (1986)). Instead, to present a federal question, the complaint must "present[] a substantial dispute over the effect of federal law, and the result [must] turn[] on the federal question." *Berg v. Leason*, 32 F.3d 422, 423 (9th Cir. 1994) (internal quotations and citations omitted).

Only the Fourth and Sixth Causes of Action in the Complaint conceivably involve federal questions. However, both claims, like the other claims of the Complaint, allege that Heller Ehrman committed professional negligence, which created the opportunity for the Government to violate certain of Hilsenrath's constitutional rights. These are claims for legal malpractice under California law, and the presence of alleged constitutional violations in this context does not present a substantial federal question sufficient to invoke federal question jurisdiction under 28 U.S.C. section 1331. *See Berg v. Leason*, 32 F.3d 422, 425-26 (9th Cir. 1994).

## II. IN THE ALTERNATIVE, THE FOURTH AND SIXTH CAUSES OF ACTION FAIL TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.

To the extent that the Fourth and Sixth Causes of Action can be understood as attempting to allege that Heller Ehrman conspired with the Government to violate Hilsenrath's constitutional rights, such claims would not be cognizable and therefore could not establish federal question jurisdiction. Private attorneys do not act under color of law. *Sinclair v. Spatocco*, 452 F.2d 1213, 1213 (9th Cir. 1971) (per curiam) ("Services performed by an attorney in connection with a lawsuit do not constitute action under color of state law"); *see also, e.g., Simmons v. Superior Court*, 318 F.3d 1156, 1161 (9th Cir. 2003) (plaintiff could not sue counsel under §1983 "because he is a lawyer in private practice who was not acting under color of state law"). Further, Hilsenrath's conclusionary allegations are insufficient to state a claim for conspiracy under the Civil Rights Act. *Price v. Hawaii*, 939 F.2d 702, 707-08 (9th Cir. 1991).

## CONCLUSION

For the foregoing reasons, the Court GRANTS Heller Ehrman's Motion to Dismiss the Complaint for lack of subject matter jurisdiction or, in the alternative, for failure to state a claim arising under federal law. The Complaint is hereby DISMISSED WITH PREJUDICE.

DATED:

_____
HON. ELIZABETH D. LAPORTE
United States Magistrate Judge