HANA HILSENRATH
OLIVER HILSENRATH
822 Eastbrook Court
Danville, CA 94506
Telephone: 925 212 6299
Facsimile: 925 736 7571
ohlx@sbcglobal.net

PLAINTIFFS *IN PRO PER*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HANA HILSENRATH AND OLIVER HILSENRATH,<br><br>Plaintiffs,<br>v.<br><br>NIXON PEABODY LLP, GLENN WESTREICH, BETH MITCHELL, AND DOES 1-10,<br>Defendants. | Case 3:07-cv-03193 TEH<br><br>HANA AND OLIVER HILSENRATH'S RESPONSE RE ORDER TO SHOW CAUSE: JURISDICTION<br><br>[JURY TRIAL DEMAND]<br><br>Judge: Hon. Thelton E. Henderson |

## INTRODUCTION

1. The present document represents plaintiffs' reply to the Court's order dated 7/9/2007 Re federal jurisdiction over the subject matter.

2. Plaintiffs assert that federal jurisdiction is proper in this current case on the grounds of:

   a. Diversity: plaintiffs are citizens and residents of Tel Aviv/Israel while plaintiffs are a California corporation

   b. Judicial economy and convenience: this present case is related to multiple cases in federal court in the northern district of California

   c. Federal matter: this case involves *inter alia* obstruction of justice and malicious prosecution in federal court regarding securities of a publicly traded company.

HILSENRATH V. NIXON PEABODY

# DISCUSSION

Diversity

3. Plaintiffs Hana and Oliver Hilsenrath are citizens and residents of the state of Israel and their permanent residence is in Tel-Aviv[1]. ***Von Dunser v. Aronoff, 915 F.2d 1071***

4. The allegation of malicious prosecution in this current complained stems from a related case filed in March 2002 while plaintiffs were living in their permanent home in Israel.

5. Plaintiff Oliver Hilsenrath traveled in 2005 to California for the sole purpose of efficiently litigating a government action that was recently closed [***USA v. Hilsenrath et al 3:03-cr-00213WHA***[2]].

6. Plaintiffs are planning to return to their home in Israel in the near future.

Judicial economy

7. There are multiple closely-related cases in federal court, which on the basis of judicial economy and convenience might be eventually consolidated with the present case:

8. ***Janvrin et al v. Hilsenrath et al [4:02-cv-01068CW,BZ].***
   a. Janvrin et al are the alleged co-conspirators of Nixon Peabody, defendants in this case. Janvrin are diverse from Nixon Peabody as a British corporation operated out of Jersey/UK.
   b. Janvrin et al abandoned their own litigation earlier this year, immediately after the Hilsenraths filed a counterclaim that uncovered the conspiracy.
   c. The federal court has recently ordered Janvrin at al to pay the Hilsenraths in excess of $8 million on account of their role in the conspiracy.
   d. *Janvrin et al v. Hilsenrath et al* was filed in federal court on grounds of diversity ***28 U.S.C. 1332*** and securities regulated under federal law ***15 U.S.C. 78aa***,
   e. Those arguments remain applicable for this current case.

---

[1] Plaintiffs are also citizens of the United States and lived in California between 1996 and 2001.
[2] Closed on July 10, 2007

HILSENRATH V. NIXON PEABODY LLP    -2-

9. *Hilsenrath et al v. Equity trust et al [3:07-cv-03312CRB].*
   a. Equity Trust et al are the corporate sponsors of Janvrin et al.
   b. Equity Trust are diverse as a UK corporation
   c. Equity Trust et al are the actual entities alleged to have been operating the Nixon - Janvrin conspiracy *28 U.S.C.S 1367(a)*: *"The claims arise from the same nucleus of facts"*.
   d. Equity Trust et al are also prosecuted for alleged racketeering in hosting, and systematically operating, a criminal organization..

10. *USA v. Hilsenrath et al [3:03-cr-00213WHA].*
    a. This action that was recently closed.
    b. *USA v. Hilsenrath et al* was the stage for the extensive foreign depositions pursuant to *Crim Proc Rule 15* that uncovered the elaborate conspiracy between Equity et al, Janvrin et al and Nixon et al.
    c. Ample evidence, sworn declarations and transcripts of interviews were obtained during the investigation of this case.
    d. The damages incurred by the Hilsenraths are also best evidenced in this case.

11. It is anticipated that additional related complaints will be filed in federal court in the near future.

Federal Matter

12. The crux of this case is (1) obstruction of justice, (2) invasion of privacy, and (3) malicious prosecution in federal court.

13. All above the above are federal original matters. Federal jurisdiction is therefore justified under *28 U.S.C.A. 1331*[3]

14. The alleged malicious prosecution occurred as part of *Janvrin et al v. Hilsenrath et al*, therefore the proper jurisdiction to adjudicate the matter is the same in which the alleged obstruction of justice occurred – in federal court.

---

[3] E. g.: Invasion of privacy is a violation of rights granted by the 4th amendment.

HILSENRATH V. NIXON PEABODY LLP        -3-

## SUMMARY AND CONCLUSIONS

15. The proper jurisdiction for this current case is the federal court:

    a. Plaintiffs and defendants and co-conspirators are diverse;
    b. Judicial economy and convenience are better served with all related cases handled in federal court where they can be consolidated if, and when, needed;
    c. The case includes multiple allegations of federal matter weighing strongly in favor of asserting supplemental federal jurisdiction. *28 U.S.C.S. 1343* and *1985 of Title 42 (2)*"obstructing justice" and *(3)* depriving of rights and privileges".

Dated: July 18, 2007


Respectfully submitted,


____/s_____          ____/s_____
HANA HILSENRATH         OLIVER HILSENRATH