FILED

FEB   6 2007

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

1  KEVIN V. RYAN (CASBN 118321)
   United States Attorney

2
   MARK L. KROTOSKI (CASBN 138549)
3  Chief, Criminal Division

4  LAUREL BEELER (CASBN 187656)
   Assistant United States Attorney

5
      450 Golden Gate Avenue, Box 36055
6     San Francisco, California 94102
      Telephone: (415) 436-6765
7     Facsimile: (415) 436-7234
      E-Mail: laurel.beeler@usdoj.gov

8
   Attorneys for the United States of America

9

10                 UNITED STATES DISTRICT COURT

11              NORTHERN DISTRICT OF CALIFORNIA

12                   SAN FRANCISCO DIVISION

13  UNITED STATES OF AMERICA,          )    No. 03 213 WHA
                                       )
14        Plaintiff,                   )    PLEA AGREEMENT
                                       )
15        v.                           )
                                       )
16  OLIVER HILSENRATH,                 )
                                       )
17        Defendant.                   )
                                       )
    _____)
18

19        I, Oliver Hilsenrath, and the United States Attorney's Office for the Northern District of

20  California (hereafter "the government") enter into this written plea agreement (the "Agreement")

21  pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure:

22  The Defendant's Promises

23        1.      I agree to plead guilty to counts nine and twelve of the fourth superseding

24  indictment charging me with securities fraud in violation of 15 U.S.C. § 78ff and tax evasion in

25  violation of 26 U.S.C. § 7201. I agree that the elements of the offense of securities fraud are as

26  follows: (1) I made or caused to be made untrue, false or misleading statements of material fact

27  in reports or documents required to be filed under the Securities and Exchange Act of 1934 and

28  the rules and regulations thereunder; and (2) I made or caused to be made these untrue, false or

PLEA AGREEMENT

1   misleading statements knowingly and willfully. I agree that the elements of the offense of tax

2   evasion are as follows: (1) I owed more federal income tax for the calendar year 1998 than was

3   declared on my income tax return; (2) I knew that more federal income tax was owed than was

4   declared due on my income tax return; (3) I made an affirmative attempt to evade or defeat an

5   income tax; and (4) in attempting to evade or defeat such additional tax, I acted willfully.

6       I agree that the maximum penalties for securities fraud in violation of 15 U.S.C. § 78ff

7   are as follows:

8       a.   Maximum prison sentence          10 years

9       b.   Maximum fine                     $1,000,000

10      c.   Maximum supervised release term  3 years

11      d.   Mandatory special assessment     $ 100

12      e.   Restitution

13      I agree that the maximum penalties for tax evasion in violation of 26 U.S.C. § 7201 are as

14  follows:

15      a.   Maximum prison sentence          5 years

16      b.   Maximum fine                     $100,000

17      c.   Maximum supervised release term  3 years

18      d.   Mandatory special assessment     $ 100

19      2.   I agree that I am guilty of the offenses to which I will plead guilty, and I agree

20  that the following facts are true:

21      From in or about August 1996 through in or about March 2000, I was the President,

22  Chief Executive Officer (CEO), and Director of U.S. Wireless Corporation, which was

23  headquartered in San Ramon, California, and which developed and sold location-based

24  information and services. In or about March 2000, I stepped down as President and was

25  appointed Chairman of the Board of Directors.

26      U.S. Wireless Corporation was a publicly-traded company whose stock was registered

27  with the Securities and Exchange Commission (SEC) and which was traded on the NASDAQ

28  stock exchange. Under SEC regulations, I knew that, as CEO of U.S. Wireless, I could not make

PLEA AGREEMENT                    2

1  materially false and misleading statements and omissions to the company and its accountants in

2  connection with the preparation of U.S. Wireless Corporation's Form 10-KSB annual reports

3  that were filed with the SEC.

4        In fiscal year ending March 31, 1998, in order to avoid paying taxes, I sent $12,000 per

5  month of my salary to an account at Matheson Bank (Jersey) Limited, which was located in

6  Jersey (the Channel Islands) and which was in the name of Telecom Associates. I was the

7  beneficial owner of Telecom Associates. I agree that, prior to the filing of the U.S. Wireless

8  Corporation Form 10-KSB for fiscal year 1998, I did not disclose to U.S. Wireless Corporation's

9  auditors that I had an ownership interest in Telecom Associates. By failing to disclose this fact, I

10  caused U.S. Wireless Corporation to file a materially untrue, false, and misleading Form 10-KSB

11  for the fiscal year ending March 31, 1998.

12        I sent a total of $144,000 to Telecom Associates in calendar year 1998. I did not report

13  these taxable earnings on my federal income tax return, and thus I under-reported my income

14  and thereby evaded taxes on the money that I sent to the Telecom Associates account. I agree

15  that I owed more federal income tax for 1998 than was declared on my return, and I knew it at

16  the time I signed and filed my return. For purposes of my guidelines calculations, I agree that

17  the appropriate adjustment under the tax table in U.S.S.G. § 2T4.1 should be more than $23,500.

18        3.    I agree to give up all rights that I would have if I chose to proceed to trial,

19  including the rights to a jury trial with the assistance of an attorney; to confront and

20  cross-examine government witnesses; to remain silent or testify; to move to suppress evidence or

21  raise any other Fourth or Fifth Amendment claims; to any further discovery from the

22  government; and to pursue any affirmative defenses and present evidence.

23        4.    I agree to give up my right to appeal my convictions, the judgment, and orders of

24  the Court. I also agree to waive any right I may have to appeal any aspect of my sentence,

25  including any orders relating to forfeiture and/or restitution.

26        5.    I agree not to file any collateral attack on my convictions or sentence, including a

27  petition under 28 U.S.C. § 2255 or 28 U.S.C. § 2241, or motion under 18 U.S.C. § 3582, at any

28  time in the future after I am sentenced.

PLEA AGREEMENT                        3

1    6.    I agree not to ask the Court to withdraw my guilty pleas at any time after they are

2  entered, unless the Court declines to accept the sentence agreed to by the parties. I agree that the

3  government may withdraw from this Agreement if the Court does not accept the agreed upon

4  sentence set out below. I agree that if the Court does not accept the agreed upon sentence set out

5  below, the statute of limitations shall be tolled from the date I signed the plea agreement until the

6  date the Court does not accept the plea agreement.

7    7.    I agree that my sentence should be calculated pursuant to the Sentencing

8  Guidelines. I understand that the Court, while not bound to apply the Guidelines, must consult

9  those Guidelines and take them into account when sentencing, together with the factors set forth

10  in 18 U.S.C. § 3553(a). I also agree that the Sentencing Guidelines range will be calculated as

11  follows and that I will not ask for any other adjustment to or reduction in the offense level or for

12  a downward departure from the Guidelines range:

13    Securities Fraud

14       a.    Base Offense Level, U.S.S.G. § 2J1.2:*            12

15       b.    Acceptance of Responsibility:  If I meet the requirements of U.S.S.G. §
             3E1.1, I may be entitled to a two-level reduction for acceptance of
16            responsibility, provided that I forthrightly admit my guilt, cooperate with
             the Court and the Probation Office in any pre-sentence investigation
17            ordered by the Court, and continue to manifest an acceptance of
             responsibility through and including the time of sentencing.
18
         e.    Adjusted offense level                          10
19
20  *The parties agree that the appropriate guideline is 2J1.2, which is the guideline
   applicable to false statements.

21    Tax Evasion

22       a.    Base Offense Level, U.S.S.G. § 2T1.1(a)(1)
             (incorporating § 2T4.1)
23            § 2T4.1(C) (tax loss more than $23,500):         12

24       b.    Acceptance of responsibility: If I meet the requirements of U.S.S.G. §
             3E1.1, I may be entitled to a two-level reduction for acceptance of
25            responsibility, provided that I forthrightly admit my guilt, cooperate with
             the Court and the Probation Office in any presentence investigation
26            ordered by the Court, and continue to manifest an acceptance of
             responsibility through and including the time of sentencing.
27
         c.    Adjusted offense level                          10
28

PLEA AGREEMENT                      4

1

Grouping

2       Because the offenses involve the same course of conduct involving the same kind of

3   harm, the parties agree that the counts group into a single group and that the combined final

4   offense level is 10.

5       8.   I agree that a reasonable and appropriate disposition of this case is as follows: a

6   sentence of five years' probation with 12 months' home detention to be served as a condition of

7   probation; other conditions of probation to be fixed by the Court; a $100 special assessment as to

8   each count; and restitution in the form of repatriation of assets as follows. I agree that I will

9   repatriate all remaining money and assets presently held by the Swiss authorities or frozen by the

10  Swiss authorities in other jurisdictions, which I estimate as approximately $2,000,000. I will

11  deposit the money in an escrow account with the Court pending further order of the Court

12  distributing the assets. I will withdraw any claim to these assets and will file no further actions

13  in the future concerning the funds. I understand that the United States will assign the assets to

14  (a) my tax liability of approximately $1,211,681 and (b) disgorgement of salary and assets to be

15  assigned for the benefit of U.S. Wireless.

16      I agree that I will make a good faith effort to pay the above fine or restitution as ordered

17  by the Court. Before or after sentencing, I will, upon request of the Court, the government, or

18  the U.S. Probation Office, provide accurate and complete financial information, submit sworn

19  statements and give depositions under oath concerning my assets and my ability to pay,

20  surrender assets I obtained as a result of my crimes, and release the above-mentioned funds and

21  property under my control in order to pay the above fine or restitution. I agree to pay the special

22  assessment at the time of sentencing.

23      9.    I agree not to commit or attempt to commit any crimes before sentence is imposed

24  or before I surrender to serve my sentence. I also agree not to violate the terms of my pretrial

25  release (if any); not to intentionally provide false information to the Court, the Probation Office,

26  Pretrial Services, or the government; and not to fail to comply with any of the other promises I

27  have made in this Agreement. I agree that, if I fail to comply with any promises I have made in

28  this Agreement, then the government will be released from all of its promises in this Agreement,

PLEA AGREEMENT                          5

including those set forth in paragraphs 12 through 14 below, but I will not be released from my guilty pleas.

10.    I agree that this Agreement contains all of the promises and agreements between the government and me, and I will not claim otherwise in the future.

11.    I agree that this Agreement binds the U.S. Attorney's Office for the Northern District of California only, and does not bind any other federal, state, or local agency.

The Government's Promises

12.    The government agrees to move to dismiss any open charges pending against the defendant in the captioned indictment at the time of sentencing.

13.    The government agrees not to file any additional charges against the defendant that could be filed as a result of the investigation that led to the captioned indictment.

14.    The government agrees that the reasonable and appropriate sentence in this case should be as set forth in paragraph 8 above, unless the defendant violates the Agreement as set forth in paragraphs 8 through 9 above or fails to accept responsibility.

The Defendant's Affirmations

15.    I confirm that while I considered signing this Agreement, and at the time I signed it, I was not under the influence of any alcohol, drug, or medicine.

16.    I confirm that my decision to enter a guilty plea is made knowing the charges that have been brought against me, any possible defenses, and the benefits and possible detriments of proceeding to trial. I also confirm that my decision to plead guilty is made voluntarily, and no one coerced or threatened me to enter into this Agreement.

Dated: _January 31, 2007_

_____
OLIVER HILSENRATH
Defendant

KEVIN V. RYAN
United States Attorney

Dated: _February 1, 2007_

_____
LAUREL BEELER
Assistant United States Attorney

PLEA AGREEMENT                               6