OLIVER HILSENRATH
HANA HILSENRATH
822 Eastbrook Court
Danville, CA 94506
Telephone: 925 212 6299
Facsimile: 925 736 7571
ohlx@sbcglobal.net

PLAINTIFFS *IN PRO PER*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OLIVER HILSENRATH<br><br>    Plaintiff,<br>            v.<br><br>MIKE SHEPARD, HELLER EHRMAN LLP, AND DOES 1-5,<br>            Defendants,<br><br>HANA HILSENRATH, NAMA HILSENRATH, LIOR HILSENRATH, ELLA HOPE HILSENRATH, ISAIAH BENJAMIN HILSENRATH, SAUL NATHANIEL HILSENRATH<br><br>  Third Party Plaintiffs | Case No: 07-03586EDL<br><br>OPPOSITION TO DEFENDANTS' MOTION TO DISMISS RE JURISDICTION AND MISC.<br><br>Date: September 18, 2007<br>Time: 2:00 p.m.<br>Place: Courtroom E, 15th Floor<br>Judge: Hon. Elizabeth D. Laporte |

## INTRODUCTION

The Court should deny defendants' motion to dismiss the current complaint.

In this unusual motion, defendants Mike Shepard and his firm Heller Ehrman LLP (HEL) move the court to dismiss the current complaint pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure – lack of jurisdiction – and Rule 12(b)(6) of the Federal Rules of Civil Procedure - failure to state a claim upon which relief can be granted.

Attached to their motion, HEL included an unusual, multi-page proposed order, including HEL's case law and arguments ready for the judge to just sign a dismissal of the Hilsenrath's complaint without further delay and without the Court's own research.

Plaintiffs expect to show this court, in future steps of this litigation, that this underlying theme of disregard and disrespect for their clients, for the law and for the Court are a lead undercurrent in these defendants' conduct.

## HEL'S ARGUMENT ON FEDERAL JURISDICTION

Defendants do not have a genuine jurisdictional argument. Had the Hilsenraths filed their complaint in California State Court, HEL would have brought the opposite argument to move to Federal Court, typically preferred by attorneys as defendants.

Clearly HEL's objective is to hamper the Hilsenrath's timely ability to bring their complaint to the Court – Federal or State.

The Hilsenraths were born/raised and lived the majority of their lives in Israel. In 1999/2000 the Hilsenraths also adopted US citizenship during a 5-year stay in California.

Between 2003 and 2004 HEL were hired and acted on behalf of the Hilsenraths. At that time the Hilsenraths were in Israel and lived in their home in Tel Aviv. The issues in subject, during HEL's representation of the Hilsenraths, were all issues of Federal law. Those issues are unrelated to which of the Hilsenrath's citizenships is predominant.

Those matters are:
i. Federal criminal case 3:03-cr-00213-WHA USA v. Hilsenrath;
ii. International extradition matters governed by Federal law[1];
iii. Tax matters governed by Federal law[2].

Further, judicial economy would suggest that this case be argued in Federal Court, as it is closely related to Case 3:03-cr-00213-WHA USA v. Hilsenrath. This case in fact, struggled for 3 years with HEL's "whatever tax" wording.

While judicial economy is quintessential in forum selection, the Court should also consider the Hilsenrath's right to a speedy adjudication. Both will be better served in Federal Court than in State Court, which latter would not have the benefit of familiarity resulting from the related case.

Other than the above arguments, the Hilsenraths have no objection to the transfer of this case to California State Court if this Court so deems appropriate.

---

[1] The principal issues in Shepard's agreement were related to the Rule of Specialty, as referred to in Extradition treaties between foreign nations.

[2] **TITLE 28 > PART IV > CHAPTER 85 > § 1340:** Internal revenue; customs duties The district courts shall have original jurisdiction of any civil action arising under any Act of Congress providing for internal revenue, or revenue from imports or tonnage except matters within the jurisdiction of the Court of International Trade.

## HEL'S CRIMINAL NEGLIGENCE

While <u>malpractice</u> and <u>the breach of duty of care</u> can be properly argued in any court, the Hilsenraths will also argue that HEL's conduct is appropriately alleged to have risen to the level of <u>aiding and abetting and willfully causing</u> damage - tantamount to criminal negligence.

Criminal negligence lies in the presence or absence of foresight as to the prohibited consequences. The consequesnces of the "whatever" were easily forseeable by a professional.

In a sworn declaration, Shepard stated that his understanding of his agreement with the US government restricted tax prosecution to tax resulting from alleged fraud (for which Oliver Hilsenrath was summoned to return to the US).

Nevertheless in his 2 page letter to the US government, Shepard used "whatever tax" to cover the above limitations.

Shepard and others at HEL, with billing rates of $600 to $900 per hour, trained in Princeton and Stanford Universities were expected by the Hilsenraths to have sufficient command of the English language to properly word their contracts.

Therefore Shepard knew very well that the term "whatever" means exactly what the Court unfortunately concluded later: "whatever means exactly what it says: anything goes". Or "open season" in layperson words.

Shepard and HEL were well aware of Hana Hilsenrath and the Hilsenrath sons and daughters.

Hana Hilsenrath and the rest of the Hilsenraths were a significant part of the contract with the US government: they were requested to (1) surrender their passports, as well as (2) pledge Hana Hilsenrath's home by appointing Shepard as executor on behalf of the US government.

Shepard and HEL knew very well what "whatever " means, that it was an inappropriate term to describe the spirit of the agreement, and that it will have catastrophic repercussions on Hana and Oliver Hilsenrath and their children.

## CLARIFICATIONS ON THE SUBJECT OF THE HILSENRATH GUILTY PLEA

On July 10, 2007 Case 3:03-cr-00213-WHA USA v. Hilsenrath was closed.

Oliver Hilsenrath pleaded guilty to two counts related to one transaction, namely the monthly transfer of part of his legitimately earned salary to a family trust as means of personal savings.

The two counts refer to (1) underpayment of around $20,000 of taxes on the deferred salary and (2) lack of reporting in the US Wireless Corp annual report of the very fact that the CEO is deferring a part of his salary into a family savings trust.

Nevertheless, Oliver Hilsenrath was obligated to commit around $1,200,000 in tax and around $800,000 in fines. As the federal government documents will show, those payments are unrelated to the underpayment of $20,000 of taxes or the reporting thereof.

Those large payments are a separate matter directly resulting from Shepard's and HEL's "whatever".

No admission of guilt was required or was given in respect to those $2,000,000

In conclusion, besides the additional significant financial and other damage resulting from HEL's representation, the Hilsenrath plea agreement with the US government puts a clear monetary price tag on HEL's "whatever". That price tag is $2,000,000.

## **SUMMARY AND CONCLUSION**

Defendants Shepard and HEL do not have a valid argument against adjudication of this present complaint in Federal Court.

Nor do defendants have a valid argument against the form of allegations in the above complaint.

Defendants are merely attempting by their motion to create confusion and to delay the adjudication of the Hilsenrath's causes of action.

The Federal Court is the appropriate forum for this case on the basis of judicial economy and federal matters related to defendants' representation of plaintiffs.

A costly arbitration process is also an inappropriate forum for *pro se* litigants, nor are the Hilsenraths willing to give up their 7th amendment rights as will be argued if necessary in the future.

For all of the above reasons and for good cause shown, the Court should deny defendants' motion to dismiss or, in alternative, the Court should transfer this case to California State Court.

Dated August 2, 2007; Respectfully submitted,

-----------/s---------------                              -----------/s---------------
HANA HILSENRATH                                           OLIVER HILSENRATH