STEVEN E. SCHON (No. 73582)
Email: sschon@howardrice.com
ETHAN P. SCHULMAN (No. 112466)
Email: eschulman@howardrice.com
LONG X. DO (No. 211439)
Email: ldo@howardrice.com
HOWARD RICE NEMEROVSKI CANADY
    FALK & RABKIN
A Professional Corporation
Three Embarcadero Center, 7th Floor
San Francisco, California  94111-4024
Telephone:    415/434-1600
Facsimile:    415/217-5910

Attorneys for Defendants
HELLER EHRMAN LLP and
MICHAEL J. SHEPARD

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| OLIVER HILSENRATH,<br><br>                    Plaintiff,<br><br>      v.<br><br>MICHAEL SHEPARD, HELLER EHRMAN LLP, and DOES 1-5,<br><br>                    Defendants. | No. C 07-3586 EDL<br><br>REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS COMPLAINT<br><br>Date:       September 18, 2007<br>Time:       2:00 p.m.<br>Place:      Courtroom E, 15th Floor<br>Judge:      Hon. Elizabeth D. Laporte<br><br>Trial Date:  None Set |

**INTRODUCTION AND SUMMARY**

In his opposition memorandum ("Opp."), Plaintiff Oliver Hilsenrath makes no effort to establish that this Court has subject matter jurisdiction over his legal malpractice complaint. Instead, Hilsenrath bases his opposition to the motion to dismiss almost entirely on grounds of "judicial economy," arguing that because his underlying criminal case raised issues of federal law, this Court would "have the benefit of familiarity" with that case and therefore should entertain his complaint. Opp. 2; *see also id.* at 4 ("The Federal Court is the appropriate forum for this case on the basis of judicial economy and federal matters related to defendants' representation of plaintiffs"). Hilsenrath also contends that the Court should consider his "right to a speedy adjudication." *Id.* at 2. He concedes, however, that apart from those considerations, he "ha[s] no objection to the transfer of this case to California State Court if this Court so deems appropriate." *Id.*; *see also id.* at 4 (contending that "in alternative, the Court should transfer this case to California State Court").

Hilsenrath's contention that this Court could more knowledgeably or swiftly resolve his case cannot vest the Court with subject matter jurisdiction. Hilsenrath has attempted to plead a legal malpractice action under state principles of negligence, governed by California law. The fact that the alleged acts involve representation in federal court is irrelevant. Before proceeding further this Court must satisfy itself that it has subject matter jurisdiction over the Complaint. Here, it is undisputed that the Court lacks jurisdiction on either of the bases alleged in the Complaint, diversity of citizenship and federal question jurisdiction. The Complaint therefore should be dismissed without leave to amend for lack of subject matter jurisdiction.[1]

---

[1] Hilsenrath stoops to *ad hominem* attacks, accusing Heller Ehrman of "attempting by their motion to create confusion and to delay the adjudication of the Hilsenrath's [sic] causes of action." Opp. 4; *see also id.* at 2 (alleging that Heller Ehrman's "objective is to hamper the Hilsenrath's [sic] timely ability to bring their complaint to the Court"). Likewise, Hilsenrath asserts that Defendants' conduct shows "disregard and disrespect for their clients, for the law and for the Court." *Id.* at 1. Heller Ehrman will not respond in kind, but will confine its discussion to the merits of the jurisdictional issues properly before the Court. Any delay in the resolution of Hilsenrath's claims is attributable to his having filed those claims in a court that lacks jurisdiction over them, not to any misconduct by Heller Ehrman.

# ARGUMENT

## THE COMPLAINT SHOULD BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION.

Plaintiff has failed to meet his burden to establish that the Court has subject matter jurisdiction over his claims on either of the grounds alleged in his Complaint (Compl. ¶17), diversity of citizenship or federal question jurisdiction. On the undisputed allegations before the Court, subject matter jurisdiction is lacking.

### A.   There Is No Diversity Of Citizenship.

*First*, there is no diversity of citizenship among the parties. As set forth in our moving papers (Mot. 3-4), Hilsenrath alleges in the Complaint that he is a dual citizen of Israel and the United States who is permanently domiciled abroad, although he and his family are temporarily residing in California. Compl. ¶21. In contrast, in other actions recently filed in this Court, Hilsenrath has made inconsistent allegations regarding his place of residence, alleging in one that his "permanent residence is in Tel-Aviv [Israel]" and in two others that he is a resident of California. Mot. 4-5. In his opposition papers, Hilsenrath admits that he is a dual citizen of Israel and the United States. Opp. 2. He conspicuously declines to address his contradictory residency allegations, however, asserting that his underlying criminal case raised issues of federal law that "are unrelated to which of the Hilsenrath's citizenships is predominant." *Id.*

Wherever Hilsenrath may claim to reside, on the face of the Complaint, there is no diversity of citizenship. Under black letter law, a U.S. citizen (including a dual citizen) who is not domiciled in the United States cannot sue in federal court on the basis of diversity of citizenship. Mot. 8-11. Even if Hilsenrath were a California resident, diversity would be lacking, as Hilsenrath alleges (correctly) that Defendants Heller Ehrman and Shepard are California residents. Compl. ¶16. Hilsenrath has no response to this controlling authority, which compels the conclusion that there is no diversity jurisdiction over the Complaint.

**B.  Plaintiff Has Not Pled Any Federal Claims.**

*Second*, there is no federal question jurisdiction either, because the Complaint states claims for legal malpractice that arise under state law.  As demonstrated in our moving papers, the Court has federal question jurisdiction only if the complaint presents a substantial issue of federal law.  Mot. 11-12.  Hilsenrath concedes that his Complaint sounds in professional negligence (which he characterizes as "tantamount to criminal negligence").  Opp. 3.  He contends that the negligence occurred in connection with his criminal prosecution for violations of federal tax and securities laws, and therefore involved issues of federal law.  *Id.* at 2-4.  However, negligence and similar claims against attorneys do not "arise under" federal law, even if the underlying litigation was in federal court and the malpractice claim requires the court to determine some issue of federal law, and even if the complaint alleges that the attorneys "aided and abetted" the Government's alleged violations of federal law.  Mot. 12-14.  That authority is controlling here, and compels the conclusion that the Court lacks jurisdiction over Plaintiff's legal malpractice claims.

## CONCLUSION

For the foregoing reasons, the Complaint should be dismissed without leave to amend.

DATED:  August 31, 2007.

           Respectfully,

           STEVEN E. SCHON
           ETHAN P. SCHULMAN
           LONG X. DO
           HOWARD RICE NEMEROVSKI CANADY
               FALK & RABKIN
           A Professional Corporation

           By:         /s/
                 ETHAN P. SCHULMAN

           Attorneys for Defendants HELLER EHRMAN LLP and MICHAEL J. SHEPARD